**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KARLA DILBERT-VILLEGAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2370-PRW** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Karla Dilbert-Villegas, a noncitizen proceeding through counsel,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Patrick R. Wyrick referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 8, and Petitioner replied, Doc. 9. Petitioner has also filed a motion to expedite. Doc. 10. The matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition.

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Factual background and procedural history.

Petitioner is a citizen and native of Honduras who entered the United States on December 1, 2016. Doc. 8, at 1. Through the issuance of a Notice to Appear, the Department of Homeland Security placed her in removal proceedings. *Id.* Ex. 1. In 2023, An Immigration Judge (IJ) ordered her removed, denied her asylum application, and denied her applications for withholding of removal. *Id.* Ex. 2. Petitioner's appeal before the Board of Immigration Appeals (BIA) remains pending. Doc. 8, at 2.

On August 1, 2026, Oklahoma authorities stopped Petitioner for a traffic violation. *Id.* at 2 & Ex. 4, at 2. Immigration and Customs Enforcement (ICE) then took custody of Petitioner. *Id.* at 2. On August 24, 2026, Petitioner appeared for a custody redetermination hearing. *Id.* Ex. 5. An IJ concluded that Petitioner "did not establish not [sic] a flight risk." *Id.* Ex. 6, at 3.

## II. Petitioner's argument.

Petitioner principally argues that she did not receive due process at her custody redetermination hearing. Doc. 1, at 10-27. She contends that the IJ was not neutral and impartial, misallocated the burden of proof, and failed to make sufficient individualized findings. *Id.* She further argues that her pending removal proceedings do not establish that she is a flight risk, that this

Court has jurisdiction to review the adequacy of the procedures she received, and that she is entitled to a new hearing or release. *Id.* at 19-26.

She seeks (1) the issuance of an order directing Respondents to show cause forthwith why the writ should not issue; (2) a declaration that her continued detention pursuant to the constitutionally inadequate custody determination violates the Due Process Clause of the Fifth Amendment; (3) her immediate release with reasonable conditions; (4) in the alternative, a conditional grant of the writ and an order for Respondents to provide Petitioner a new bond hearing before a different IJ; (5) an order that, at any such hearing, Respondents bear the burden of establishing by clear and convincing evidence that Petitioner's continued detention is necessary because she presents a danger to the community or a flight risk that cannot reasonably be mitigated through conditions of release; (6) an order that the IJ make individualized findings, consider Petitioner's ability to pay and alternatives to detention, and explain why any conditions short of detention are inadequate before continued incarceration may be ordered; (7) an order stating that the mere fact that immigration relief remains pending, uncertain, speculative, or not yet adjudicated shall not, standing alone, constitute affirmative evidence of flight risk; (8) an order requiring Respondents to file a written status report promptly following any bond hearing stating whether Petitioner was released, any bond

or conditions imposed, and, if detention continues, the factual and legal reasons supporting continued custody; (9) that this Court retain jurisdiction to enforce the Court's judgment and ensure that any further custody proceeding complies with the Fifth Amendment; (10) an order that Petitioner not be transferred outside this District while this habeas action remains pending without prior notice to Petitioner and this Court;[3] and (11) the granting of other and further relief as this Court deems just and proper. *Id.* at 27-29.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

[3] The Court granted this request in its Order for Response. *See* Doc. 5.

## IV. Analysis.

### A. Exhaustion.

Petitioner did not appeal the IJ's order denying bond, and Respondents argue this failure bars her from filing her present petition. Doc. 8, at 3. The record also does not show Petitioner sought a subsequent custody redetermination hearing based on changed circumstances—her medical condition that she raises in her motion to expedite. Doc. 10, at 2-5; *see* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, a [noncitizen's] request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the [noncitizen's] circumstances have changed materially since the prior bond redetermination.").

While generally "the exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief[,] . . . the statute itself does not expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). "Challenges to immigration detention are properly brought directly through habeas. And the exhaustion deficiencies [the Tenth Circuit has] noted in other respects do not affect habeas jurisdiction over such claims." *Soberanes*, 388 F.3d at 1310 (citing *Zadvydas*, 533 U.S. at 687-88). "Exhaustion is typically nonjurisdictional," and courts "treat a rule as jurisdictional only if Congress clearly states that it is." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416-17

(2023) (internal quotation marks omitted). "[W]here Congress has not clearly required exhaustion," making it nonjurisdictional, "sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). In the end, neither 8 U.S.C. § 1226(a) nor § 2241 expressly requires exhaustion of administrative remedies before filing a habeas petition. *See Tichaawa v. Mullin*, No. CIV-26-1732-PRW, 2026 WL 3060713, at *2 (W.D. Okla. Oct. 13, 2026) ("Based on prior decisions in this District and the text of § 1226(a) and § 2241, however, Petitioner need not exhaust all available administrative remedies before filing a habeas petition before the Court."); *see also Salvador F.-G. v. Noem*, No. 25-CV-243, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) ("[Section] 1226 contains no clear rule that requires exhaustion of administrative remedies."). The Court should therefore reject Respondents' exhaustion argument.

**B. Assignment of the burden of proof.**

Petitioner bore the burden of proof at her custody redetermination hearing. *See* Doc. 8, Ex. 6, at 3. Petitioner takes issue with the IJ's assignment of the burden of proof, alleging this violated her due process rights. Doc. 1, at 13-14. Respondents maintain the IJ properly placed the burden of proof on Petitioner. Doc. 8, at 4-5. Under current BIA precedent, the noncitizen bears the burden of establishing that she is neither a danger to the community nor a flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th

19, 27 (1st Cir. 2021) ("[U]nder current BIA precedent, a noncitizen detained under section 1226(a) must demonstrate to the satisfaction of the Immigration Judge that he or she merits release on bond even though section 1226(a) does not explicitly contain such a requirement. To do so, the noncitizen must prove that he or she is neither a danger to the community nor a flight risk." (internal quotation marks and alteration omitted)). Judges in this District have either declined to decide whether due process requires shifting the burden to the Government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026), *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026), or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 4-5 (W.D. Okla. July 24, 2026), *Pupo Socarras v. Figueroa*, No. CIV-26-571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, No. CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026). *But see Gallegos Herrada v. Valdez*, No. 26-CV-4991, 2026 WL 3150791, at *3 (D. Colo. Oct. 21, 2026) ("[T]he Court finds that due process requires placing the burden on the Government at Petitioner's § 1226(a) hearing." (collecting cases)). The

undersigned concludes that the IJ did not erroneously assign the burden of proof at Petitioner's hearing.

**C. Adequacy of the bond hearing.**

Respondents argue that the Court lacks jurisdiction over the IJ's bond decision. Doc. 8, at 6-7. While the Court lacks jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. *Dong v. Mullin*, No. 26-CV-1818, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026). The Court therefore rejects Respondents' argument that § 1226(e) deprives the Court of jurisdiction to review Petitioner's assertion that her bond hearing was not constitutionally adequate.

When a noncitizen like Petitioner is detained under § 1226(a) "the Attorney General may exercise his discretion to either detain or release [a noncitizen] on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762 (N.D. Cal. 2019)).

"To be sure, '[d]ue process is not satisfied . . . by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as 'it has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon*, 535 F. Supp. 3d at 675 (quoting *Arrellano v. Sessions*, No. 18-CV-6625, 2019 WL 3387210, at *7 (W.D.N.Y. July 26, 2019)); *see* 8 U.S.C. § 1226(e).

To that point, the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. *See Dong*, 2026 WL 1959357, at *1. An IJ "must consider whether [a noncitizen] who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether [a noncitizen] merits release

from bond, as well as the amount of bond that is appropriate." *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

These factors may include any or all of the following: (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States. *Id.*

Here, Petitioner presented evidence that:

1. She appeared at every scheduled ICE appointment, which took place four hours from where she lives in Tulsa, Oklahoma.
2. She has no criminal history during her time here.
3. She has family support, including a resident daughter, who resides in New Jersey.

4. She has a U.S. citizen bond sponsor who lives in Tulsa, who provided a letter of support. The sponsor's daughter is also willing to sponsor her and help her get to court.

5. She presented a letter from a priest of her Catholic church, which shows she has been an active member of her Catholic church, and she provides support and volunteers there.

6. She and her husband have multiple businesses and have been supporting themselves in Tulsa; they have also purchased a home.

7. She has paid each of her six asylum fees.

8. She recently had outpatient surgery, and she had not yet completed her eight-week bedrest recovery when ICE detained her.

9. Her husband received bond and is ready to post bond for his wife.

10. Her appeal to the BIA remains pending and she cannot be removed while it remains pending.

Doc. 8, Ex. 5, at 4-7.

The Government argued that the removal order (though on appeal) "ma[d]e [Petitioner] a significant flight risk." *Id.* at 6-7. In response, the IJ stated:

> [Petitioner] does have several positive equities in her favor. The Court does find that the denial of the relief application before the Immigration Court is a significant contributing factor to the Respondent's risk of flight, even though it remains on appeal before the Board of Immigration Appeals. It's a very close call. So, I'd like to take a little bit of time to review the evidence once more before I make a decision. I hope to be able to do that over the lunch hour today.

*Id.* at 7-8.

The Court finds the IJ provided an individualized determination as required. Unlike the IJ in *Salinas Rodriguez v. Warden, Otero Cnty. Processing Ctr.*, No. 26-CV-2400, 2026 WL 2364465, at *2 (D.N.M. Aug. 14, 2026), where the IJ "labeled Petitioner a 'flight risk' based solely on the fact that he [was] subject to a removal order," here the IJ considered the "positive equities" Petitioner presented. Unlike *Salinas Rodriguez*, where the court rejected the argument that "all noncitizens subject to a removal order [are] per se flight risks," here the IJ considered the *In re Guerra* factors. *See id.*; Doc. 8, Ex. 5, at 6-8. And the IJ took time to review the evidence "once more." Doc. 8, Ex. 5, at 8. Although Petitioner disagrees with the IJ's conclusion, she received all the process that is due to her under the Constitution and the statutory and regulatory scheme set out by Congress in 8 U.S.C. § 1226(a).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1, and deny Petitioner's motion to expedite, Doc. 10.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 12, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 28th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE